# EXHIBIT 1

## Commonwealth of Massachusetts

PLYMOUTH, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1783-CV-00983

KYLE BEARD, PLAINTIFF(S),

v. UBER TECHNOLOGIES INC. and
SHEIKH HUSSAIN, DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO **UBER Technologies Inc.** (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the **Plymouth Superior** Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

2. How to Respond. To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a. Filing your signed original response with the Clerk's Office for Civil Business, Plymouth Superior Court, 52 Obery Street, Suite 2041, Plymouth, MA 02360, by mail or in person, AND

b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: **197 Portland Street, Boston, MA 02114**

3. What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

*Interrogatories, Request for Production of Documents, Civil Action Cover Sheet and Civil Tracking Order

True copy Attest: Joseph P. Casey
Deputy Sheriff Suffolk County
10-18-17

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on ___September 29___, 20_17_.

_____
Clerk of Courts

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20___  Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF PLYMOUTH | DOCKET NO. |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| KYLE BEARD | UBER TECHNOLOGIES INC. and SHEIKH HUSSAIN, |

| Plaintiff Atty | Law Office of Steven R. Whitman, LLC | Type Defendant's Attorney Name | |
|---|---|---|---|
| Address | 197 Portland Street | Defendant Atty | |
| | | Address | |
| City | Boston  State MA  Zip Code 02114 | City |  State MA  Zip Code |
| Tel. | 617-227-8118  BBO# 526470 | | |

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury | (F) | ● ] Yes  ○ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses .................................................. $ 103,210.50
 2. Total doctor expenses .................................................... $ 493.00
 3. Total chiropractic expenses ........................................... $
 4. Total physical therapy expenses .................................... $ will supplement
 5. Total other expenses (describe) Occupational therapy, x-rays, MRIs, brace, etc. $ will supplement
  Subtotal $ 103,703.50
B. Documented lost wages and compensation to date ............ $ 16,790.40
C. Documented property damages to date ............................ $ 13,000.00
D. Reasonably anticipated future medical expenses .............. $ 72,758.40
E. Reasonably anticipated lost wages and compensation to date. $ will supplement
F. Other documented items of damages (describe)
  $ will supplement
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Fracture of left lower leg, fracture of left calcaneus, abrasion of left front wall of thorax, abrasion of lower back and pelvis, traumatic compartment syndrome of left lower extremity, and resulting in multiple surgeries.

Total $ 206,252.30

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $ 0.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  Date: 9/19/17
A.O.S.C. 3-2007

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                               PLYMOUTH SUPERIOR COURT
                                            CIVIL ACTION NO:

KYLE BEARD,                            )
    Plaintiff                          )
                                       )
vs.                                    )    COMPLAINT AND DEMAND
                                       )    FOR JURY TRIAL
UBER TECHNOLOGIES INC. and             )
SHEIKH HUSSAIN,                        )
    Defendants                         )

## PARTIES

1. The Plaintiff, Kyle Beard, is an individual residing in Plymouth, Plymouth County, Massachusetts.

2. The Defendant, Uber Technologies Inc. is duly organized Delaware corporation with a principal place of business at 1455 Market Street 4th Floor San Francisco, California 94103 and has appointed CT Corporations System, 155 Federal Street, Suite 700, Boston, Suffolk County, Massachusetts as its registered agent for service of process.

3. The Defendant, Sheikh Hussain is an individual residing at 329 Prospect Street, #30 in Pawtucket, Rhode Island 02860.

## FACTS

4. East Broadway and H Street, in the South Boston district of Boston, Suffolk County, Massachusetts, are public ways.

5. On or about June 28, 2017, the Defendant Sheikh Hussain, while in the course of his employment with the Defendant Uber Technologies Inc., was the owner and operator of a motor vehicle which was involved in a collision with a motor cycle owned and operated by the Plaintiff Kyle Beard.

6. Drivers of motor vehicles in Massachusetts must follow all safety rules so as to prevent serious injury and death to the public.

7. Drivers of motor vehicles in Massachusetts "...shall so drive that the vehicle shall be entirely within a single lane, and he shall not move from the lane in which he is driving until he has first ascertained if such movement can be made with safety." M.G.L. c. 89 §4A; *720 CMR 9.06(1)*.

## COUNT I
## NEGLIGENCE
## KYLE BEARD V. UBER TECHNOLOGIES INC.

8. On or about June 28, 2017, the Defendant, Uber Technologies, Inc., its agents, servants, or employees or anyone acting on its behalf, so negligently and carelessly operated a motor vehicle on East Broadway and H Street in the South Boston district of Boston, Suffolk County, Massachusetts, that by reason thereof an automobile collision was caused.

9. As a result of the collision caused by the Defendant Uber Technologies, Inc., its agents, servants or employees, or anyone working on its behalf, the Plaintiff Kyle Beard, was injured, suffered pain of body and mind, required hospital and medical treatment and could not carry out his usual activities for a long period of time, and had medical bills in the excess of $2,000.00.

**WHEREFORE**, the Plaintiff Kyle Beard, demands judgment against the Defendant, Uber Technologies, Inc.

### COUNT II
### NEGLIGENCE
### KYLE BEARD V. SHEIKH HUSSAIN

10. On or about June 28, 2017, the Defendant Sheikh Hussain, his agents, servants, or employees or anyone acting on his behalf, so negligently and carelessly operated a motor vehicle on East Broadway and H Street in the South Boston district of Boston, Suffolk County, Massachusetts, that by reason thereof an automobile collision was caused.

11. As a result of the collision caused by the Defendant Sheikh Hussain, his agents, servants or employees, the Plaintiff Kyle Beard, was injured, suffered pain of body and mind, required hospital and medical treatment and could not carry out his usual activities for a long period of time, and had medical bills in the excess of $2,000.00.

**WHEREFORE**, the Plaintiff, Kyle Beard, demands judgment against the Defendant, Sheikh Hussain.

**PLAINTIFF CLAIMS TRIAL BY JURY ON ALL ISSUES**

Plaintiff, Kyle Beard,
By His Attorney,

Steven R. Whitman, Esq.
Law Office of Steven R. Whitman, LLC
197 Portland Street, Fifth Floor
Boston, MA 02114
(617) 227-8118
swhitman@whitmanlaw.com
BBO# 526470
S:/cc/Bamba W-206686 bamba AutoComplaint 09192017 dpm

Case 1:17-cv-12142-LTS Document 1-1 Filed 11/01/17 Page 8 of 12

## COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| PLYMOUTH, SS. | PLYMOUTH SUPERIOR COURT<br>CIVIL ACTION NO: 1783-CV-00983 |

KYLE BEARD,
    Plaintiff,

vs.

UBER TECHNOLOGIES, INC. and
SHEIKH HUSSAIN,
    Defendants.

## THE PLAINTIFF, KYLE BEARD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, UBER TECHNOLOGIES, INC.

### INSTRUCTIONS

Now comes the Plaintiff in the above entitled action and pursuant to Mass. R. Civ. P. 34, respectfully requests the above named Defendant to produce the following items for inspection and copying the items requested to be produced at the office of Steven R. Whitman, Esq., 197 Portland Street, Fifth Floor, Boston, MA 02114, attorney of record for the Plaintiff, within 30 days of service of this request upon you.

The Plaintiff requests that the Defendant appropriately designate each document and thing produced so as to indicate the paragraph pursuant to which each document and thing is produced. If a document or thing is produced pursuant to more than one paragraph, the designation should so indicate.

With respect to each and every item described in the following requests which is not in the physical possession or custody or the Defendant, but which is in the Defendant's control, the Plaintiff hereby requests that the Defendant execute authorizations to allow the Plaintiff to obtain and examine such items.

### DEFINITIONS

For the purposes of these Requests, the following definitions apply:

The term "document" is used in these requests in its broadest sense and means any record of information of any kind or description, however made, produced, or reproduced, whether by hand or by any electronic photographic, mechanical or other process. Documents can take the form of any medium on which information can be stored, including, without limitation, computer

4. When used with respect to a tangible thing, shall mean (i) its customary name or description and identifying number, if any, (ii) the date the tangible thing was made, produced, and, if you did not make or produce the tangible thing, the date you acquired it, (iii) the identity of each person or entity who made the tangible thing, (iv) the identity of each person or entity who has possession, custody or control of the tangible thing or any copy thereof.

## REQUESTS

1. Copies of all agreements, contracts, notices, and/or any documents between the Defendant Sheikh Hussain and Defendant Uber Technologies Inc. including but not limited to employment or contract employment status, terms of employment, vehicle requirements, compensation, training, hiring, applications and insurance.

2. Copies of all photographs in the possession, custody or control of the said Defendant which show and/or purport to show the scene of the alleged collision.

3. Copies of any and all witness statements, whether the same be signed or unsigned, written, oral or transcribed, involving the collision alleged in the Complaint, which are in the possession, custody and/or control of the said Defendant.

4. Copies of any and all statements, signed or unsigned, written, oral or transcribed, which were taken or given by the Defendant, the agent, servant or employee of the Defendant, concerning the collision referred to in the Complaint.

5. Copies of any and all statements of any witness to be called at the trial of this case which are in the possession custody and/or control of the said Defendant, whether such statements be signed or unsigned written, oral or transcribed.

6. Copies of all photographs in the possession, custody or control of the said Defendant which show and/or purport to show the nature of the Plaintiff's injuries or damages.

7. All sketches, diagrams, schematics, regardless of point of origin or source, that may relate directly or indirectly to any aspect of the collision referred to in the Complaint.

8. Copies of any and all reports of experts in the possession, custody, and/or control of the said Defendant that may in any way relate to this collision.

9. Copies of any and all reports filed with or completed by the said Defendant or police department concerning this collision with any governmental agency, whether the same be Federal, State or local, that are in the possession, custody and/or control of the said Defendant.

10. Copies of all reports made by the said Defendant to the Defendant's insurance carriers or agents concerning the collision for which this collision has been brought.

11. The insurance policy or policies that afford the Defendant coverage or protection on this claim, including but not limited to any and all Uber or James River Insurance Company automobile insurance policies in effect on the date of the collision, and any and all policies of the defendant and of all members of the Defendant's household on the date of the collision. *This request specifically seeks coverage disclosures of additional or "umbrella" or general liability coverages from the defendant operator and defendant Uber, beyond general automobile coverages.*

12. Copies of documents of any type which describe or depict how operators for Uber are monitored or supervised or rated regarding safety and compliance with Uber, state or local safety rules or laws.

13. Copies of all medical information obtained by or in behalf of the Defendant relating to the Plaintiff that were obtained or will be obtained as a result of the investigation of this case.

14. Photocopies of both sides of any and all of the Defendant's licenses and permits to operate motor vehicles issued by any State, Federal and local government (including governmental agencies) and private entities.

15. Photocopies of the registration of all motor vehicles owned and/or operated by the Defendant on the date Plaintiff alleges said collision to have occurred.

16. Photocopies of all citations issued by any law enforcement agency to the Defendant relative to this collision.

17. Any and all pictures which show and/or depict any damage done to any motor vehicle involved in the alleged collision.

18. All charges showing cost of repair of all vehicles involved in the collision.

19. All cellular phone records for the date of the collision, including, but not limited to: all calls and text messages.

20. All surveillance photographs and videos from the date of the collision to the present and continuing.

21. All Defendant Uber emails of any kind, inter or intra company, related to this collision, and also any social media records for the date of the collision, including, but not limited to: Twitter, Tweets, ReTweets, Facebook posts, messages, and statuses, LinkedIn posts, Instagram posts, and Snapchat posts.

22. All reprimands given to the Defendant driver concerning the collision referred to in Plaintiff's complaint.

23. All training manuals, instructions, in videos and/or any other form of written or digital format regarding driving and safe driving.

24. Any and all documents, relating in any way to the operator employment with Defendant Uber at the time of the collision including orders, work orders, manifests, time sheets, payroll records, and contracts, including but not limited to copies of all emails or tweets or texts between the defendants concerning or related to this collision in any way.

Plaintiff, Kyle Beard,
By His Attorney,

*[signature]*

Steven R. Whitman, Esq.
Law Offices of Steven R. Whitman
197 Portland Street, Fifth Floor
Boston, MA 02114
(617) 227-8118
swhitman@whitmanlaw.com
BBO# 526470

S:/cc/beard RPD to d operator 09062017

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1783CV00983 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Kyle Beard vs. Uber Techonlogies Inc et al | | Robert S. Creedon, Jr., Clerk of Courts |
| TO: Uber Techonlogies Inc | | COURT NAME & ADDRESS Plymouth County Superior Court - Plymouth 52 Obery Street - Suite 2041 Plymouth, MA 02360 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                       **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 12/21/2017 | |
| Response to the complaint filed (also see MRCP 12) | | 01/22/2018 | |
| All motions under MRCP 12, 19, and 20 | 01/22/2018 | 02/20/2018 | 03/21/2018 |
| All motions under MRCP 15 | 01/22/2018 | 02/20/2018 | 03/21/2018 |
| All discovery requests and depositions served and non-expert despositions completed | 07/19/2018 | | |
| All motions under MRCP 56 | 08/20/2018 | 09/17/2018 | |
| Final pre-trial conference held and/or firm trial date set | | | 01/15/2019 |
| Case shall be resolved and judgment shall issue by | | | 09/23/2019 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service. This case is assigned to

| DATE ISSUED 09/22/2017 | ASSISTANT CLERK | | PHONE |
|---|---|---|---|

Date/Time Printed: 09-22-2017 11:06:51                                                         SCV026\ 11/2014